IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| | | |
|---|---|---|
| MARK WAYNE JACKSON, | : | |
| | : | |
| Plaintiff, | : | |
| | : | |
| VS. | : | NO. 5:10-CV-73 (MTT) |
| | : | |
| DR. EDWARD H. BURNSIDE, *et al.*, | : | |
| | : | Proceedings Under 42 U.S.C. § 1983 |
| Defendants. | : | Before the U.S. Magistrate Judge |
| _____ | : | |

## RECOMMENDATION

Before the Court is a Motion to Dismiss filed by Defendants Dr. Edward H. Burnside and Calvin Ramsey. Because Plaintiff Mark Wayne Jackson has stated an Eighth Amendment claim for deliberate indifference to his serious medical needs against Defendants in their individual capacity, **IT IS RECOMMENDED** that Defendants' Motion to Dismiss be **GRANTED** in part and **DENIED** in part.

FACTUAL AND PROCEDURAL HISTORY

This action involves claims of deliberate indifference to Plaintiff's serious medical needs. On a motion to dismiss, all well-pleaded facts in the complaint are accepted as true and construed in the light most favorable to Plaintiff. Because Plaintiff is proceeding *pro se*, his pleadings are liberally construed.

According to the Complaint, the facts of the case are as follows: In February 2006, Plaintiff injured his hip, ankle, and knee due to a slip and fall incident while Plaintiff was incarcerated at Wheeler Correctional Facility. In June 2006, Plaintiff underwent surgery for his injuries. Plaintiff alleges that at some point following his surgery, Dr. Kenton of Atlanta, Georgia, recommended that Plaintiff undergo more surgery.

On May 21, 2008, Plaintiff was transferred from Bostick State Prison to Men's State Prison. Upon his arrival at Men's State Prison, Plaintiff sought medical care for his hip, back, and ankle injuries. Following two or three weeks without any medical treatment, Plaintiff was seen by Defendant Burnside. According to Plaintiff, Defendant Burnside refused to listen to Plaintiff's complaints and said that Plaintiff was "full of crap." Pl.'s Compl. (Doc. 1). Plaintiff also states that Defendant Burnside refused to carry out any of the treatment ordered by his previous doctors. Further, Plaintiff alleges that he made numerous requests to Defendant Ramsey seeking medical treatment, all of which were ignored by Defendant Ramsey. Plaintiff asserts that he has not received treatment for his injuries in the four-plus years since his surgery and that his back, hip, and ankle injuries have grown significantly worse.

In relief, Plaintiff seeks (1) $750,000.00 in compensatory damages from each Defendant, (2) $750,000.00 in punitive damages from each Defendant, (3) medical treatment for his injuries, and (4) attorney's fees.

On February 24, 2010, Plaintiff filed his Complaint alleging Eighth Amendment claims of deliberate indifference to his serious medical needs against Defendants Burnside and Ramsey. Doc. 1. Following a frivolity review of the Complaint pursuant to 28 U.S.C. § 1915A, service was ordered upon Defendants Burnside and Ramsey on March 19, 2010. Doc. 6. On May, 26, 2010, a summons was returned executed as to Defendant Ramsey. Doc. 13. On February 2, 2011, a summons was returned executed as to Defendant Burnside. Doc. 19. After Defendants failed to answer or otherwise respond to the Complaint, an entry of default issued against Defendants on February 22, 2011. Following Defendant's Motion to Vacate the Clerk's Entry of Default (Doc. 27), the Court vacated the entry of default on October 4, 2011 (Doc. 42). On October 13, 2011, Defendants filed the instant Motion to Dismiss. Doc. 44.

DISCUSSION

In their Motion to Dismiss, Defendants advance several arguments, including abuse of process, failure to state a claim against Defendants in their official capacity, failure to state a claim against Defendants in their individual capacity, and qualified immunity. Defendants are protected by Eleventh Amendment immunity from suit in their official capacity. Plaintiff, however, has stated a claim against Defendants in their individual capacity, and the Court cannot find at this juncture that Defendants are entitled to qualified immunity.

Abuse of Process

Defendants argue that Plaintiff's claims should be dismissed without prejudice for abuse of the legal process because Plaintiff failed to disclose a previous lawsuit in his complaint. Plaintiff filed his complaint using the Court's standard questionnaire. In response to the question asking if Plaintiff had filed a previous lawsuit dealing with the same facts, Plaintiff answered "yes." Plaintiff then listed a 2006 lawsuit in the Southern District of Georgia, which was dismissed without prejudice.

Defendants contend that Plaintiff's response was incomplete and inaccurate because Plaintiff refiled the lawsuit in the Southern District of Georgia prior to the filing of this lawsuit. See Jackson v. Kemp, No. 3:07-cv-23. "A finding that the plaintiff engaged in bad faith litigiousness or manipulative tactics warrants dismissal." Attwood v. Singletary, 105 F.3d 610, 613 (11th Cir. 1997). Additionally, the court may impose sanctions if a party knowingly files a pleading that contains false or misleading allegations. FED. R. CIV. P. 11(c).

In this case, it appears that Plaintiff's failure to list the refiling of his lawsuit in the Southern District of Georgia amounted to mere oversight rather than "bad faith litigiousness or

3

manipulative tactics." As such, it is **RECOMMENDED** that Defendants' motion to dismiss for abuse of process be **DENIED**.

Claims Against Defendants in Their Official Capacity

Plaintiff's claims against Defendants in their official capacity are barred by the Eleventh Amendment. The Eleventh Amendment prohibits a federal court from exercising jurisdiction over a lawsuit against a state, except where the state has consented to be sued or waived its immunity, or where Congress has overridden the state's immunity. Lassiter v. Alabama A & M University, 3 F.3d 1482, 1485 (11th Cir. 1993). Congress has not abrogated Eleventh Amendment immunity in Section 1983 cases. Carr v. City of Florence, Ala., 916 F.3d 1521, 1525 (11th Cir. 1990). Thus, if the state has not waived its immunity, the Eleventh Amendment bars a Section 1983 suit against that state. Cross v. State of Ala., 49 F.3d 1490 (11th Cir. 1995). By extension, the Eleventh Amendment also bars Section 1983 suits against state officials in their official capacities, because in such a case, the state is considered the real party in interest since an award of damages would be paid by the state. Id. at 1503.

In this case, Defendants are protected by Eleventh Amendment immunity. The State of Georgia has specifically preserved its Eleventh Amendment Immunity in the state constitution. Ga. Const. Art. 1, Sect. II, Par. IX(f). As explained above, official capacity defendants are not persons. As such, any Section 1983 claims against Defendants in their official capacity are not permissible. Accordingly, it is hereby **RECOMMENDED** that Defendants' motion to dismiss Plaintiff's claims against Defendants in their official capacity be **GRANTED**.

<u>Claims Against Defendants in Their Individual Capacity</u>

Defendants argue that Plaintiff's Complaint fails to state a claim. At this stage of the proceedings, however, Plaintiff's contentions are adequate to state a claim that Defendants Burnside and Ramsey were deliberately indifferent in refusing to provide him with treatment for his hip, back, and ankle injuries.

The Eighth Amendment prohibits cruel and unusual punishment, including deliberate indifference to a serious medical need. <u>Estelle v. Gamble</u>, 429 U.S. 97, 106 (1976); <u>Campbell v. Sikes</u>, 169 F.3d 1353, 1363 (11th Cir. 1999). To show deliberate indifference, the prisoner must satisfy both an objective and a subjective component. <u>Campbell</u>, 169 F.3d at 1363. With regard to the objective component, a prisoner must allege both an objectively serious medical need that, if left unattended, poses a substantial risk of serious harm, and also that the response by the prison official to that need was poor enough to constitute an unnecessary and wanton infliction of pain. <u>Taylor v. Adams</u>, 221 F.3d 1254, 1258 (11th Cir. 2000). With respect to the subjective component, a prisoner must allege, and ultimately prove, three facts: (1) subjective knowledge of a risk of serious harm; (2) disregard of that risk; and, (3) by conduct that is more than mere negligence. <u>McElligott v. Foley</u>, 182 F.3d 1248, 1255 (11th Cir. 1999).

The elements required to prove the subjective component of a deliberate indifference claim establish that "mere accidental inadequacy, negligence in diagnosis or treatment, [and] even medical malpractice" are not actionable under 42 U.S.C. § 1983. <u>Taylor</u>, 221 F.3d at 1258. Moreover, and equally important in the context of this case, a prisoner cannot establish a violation simply because he "may have desired different modes of treatment" that that which was provided to him. <u>Hamm v. DeKalb County</u>, 774 F.2d 1567, 1576 (11th Cir. 1985). Such course

of treatment claims, by definition, involve the "exercise of professional judgment," Estelle, 429 U.S. at 105, and as such are not actionable.

In this case, Plaintiff alleges that he informed Defendants about his hip, back, and ankle injuries soon after arriving at Men's State Prison. Plaintiff maintains that was not allowed to see a doctor until two to three weeks after his arrival at Men's State Prison. Plaintiff alleges that Defendant Burnside refused treatment once he finally saw Plaintiff, telling Plaintiff that he was "full of crap." Plaintiff further asserts that he sought Defendant Ramsey's assistance in obtaining medical treatment, and that Defendant Ramsey refused to assist Plaintiff. Additionally, Plaintiff alleges that Defendant Burnside failed to carry out the medical orders of Plaintiff's previous doctors.

Although Defendants correctly argue that a difference of medical opinion does not amount to deliberate indifference, Plaintiff alleges more than a mere difference of medical opinion. Plaintiff alleges a total lack of medical care since his arrival at Men's State Prison. At this stage of the proceedings, the Court cannot conclude that this case amounts to a mere difference of medical opinion. Accordingly, it is **RECOMMENDED** that Defendants' motion to dismiss Plaintiff's Eighth Amendment deliberate indifference claims be **DENIED**.

## Qualified Immunity

Defendants contend that, to the extent that they are sued in their individual capacity, they are entitled to qualified immunity because Plaintiff has failed to show that he has suffered any constitutional deprivation.  Contrary to this assertion, Plaintiff has adequately alleged an Eighth Amendment claim of deliberate indifference to his serious medical needs.  Plaintiff's claims, as discussed above, amount to more than a mere disagreement over the method and course of treatment.  Plaintiff contends that the doctors were aware he had a serious hip, back, and ankle

injuries and simply refused to provide any treatment for it. Such conduct, if proved, would amount to deliberate indifference under clearly established federal law. See Taylor v. Adams, 221 F.3d 1254, 1258 (11th Cir. 2000). As such, Defendants have failed to demonstrate that they are entitled to qualified immunity based on the allegations in Plaintiff's Complaint.

### Injunctive Relief

Plaintiff requests injunctive relief requiring Defendants to provide him with medical treatment for his hip, back, and ankle injuries. A prisoner's transfer or release from a prison moots his individual claim for declaratory and injunctive relief. McKinnon v. Talladega County, Ala., 745 F.2d 1360, 1363 (11th Cir. 1984). On May 29, 2012, Plaintiff informed the Court that he had been released from prison and was now residing in Lafayette, Georgia. Doc. 67. Accordingly, it is **RECOMMENDED** that Plaintiff's request for injunctive relief be **DISMISSED** as moot.

### Attorney's Fees

Plaintiff also requests reasonable attorney's fees. In civil rights actions, the court may allow the prevailing party to recovery reasonable attorney's fees. 42 U.S.C. § 1988. A *pro se* plaintiff, however, is not entitled to attorney's fees. Kay v. Ehrler, 499 U.S. 432, 434-435 (1991). Because Plaintiff is proceeding *pro se*, he is not entitled to recover attorney's fees. Accordingly, it is hereby **RECOMMENDED** that Plaintiff's request for reasonable attorney's fees be **DENIED**.

## CONCLUSION

For the reasons stated above, it is hereby **RECOMMENDED** that Defendant's Motion to Dismiss be **GRANTED** in part and **DENIED** in part. Pursuant to 28 U.S.C. § 636 (b)(1), the parties may serve and file written objections to this **RECOMMENDATION** with the district

judge to whom the case is assigned **WITHIN FOURTEEN (14) DAYS** after being served with a copy thereof.

    **SO RECOMMENDED**, this 13th day of June, 2012.

                                             s/ Charles H. Weigle_____
                                             Charles H. Weigle
                                             United States Magistrate Judge